HIPÓLITO OJEA, Plaintiff and Appellant, *v.* DRUG COMPANY OF PORTO RICO, Defendant and Appellee.

No. 4714.   Argued May 9, 1929.—Decided February 28, 1930.

*L. Martínez Avilés,* for appellant.   *Feliú & La Costa,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The averment of negligence in this case was substantially that the defendant consented in permitting an unlicensed person to drive an automobile and in driving the said automobile through the streets of Arecibo and without obeying the orders of the plaintiff, a policeman in active service. There was an averment that the said policeman suffered damages

by reason of the alleged negligence. The District Court of Arecibo on a motion for nonsuit, rendered judgment for the defendant.

Julio L. Rivera was an employee of the defendant, whose duties were to sell the goods of the defendant. He used an automobile for that purpose. We shall suppose with the appellant that he was authorized to employ a chauffeur. The evidence does not reveal that the company had the slightest knowledge that the chauffeur employed was without a license. Similarly we do not find that there was any causal connection between this lack of a license and the accident. No cause of action arose on the negligent employment by Rivera of an unlicensed chauffeur.

Two policemen were desirous of investigating the automobile in which Rivera was sitting because they were informed that Rivera and the alleged chauffeur were carrying a stolen pig in the said automobile. The plaintiff was about to board the automobile, when Anés the said chauffeur started it, causing the policeman to fall.

No act of Rivera or of Anés described, was executed in performance of any duty owing by either of them to the defendant. Hence no responsibility arose in the latter. *Torres Sosa* v. *Lema,* 36 P.R.R. 72; concurring opinion of Mr. Justice McLeary in *Marrero* v. *López,* 15 P.R.R. 746, 749; *Martínez* v. *Trujillo y Mercado,* 24 P.R.R. 271. The court had an absolute right believing that the acts performed by the alleged agents or the chauffeur were, if not malicious, for a purpose independent of their duties to their supposed employer. Hence again the defendant was not responsible. *Concepción Lebrón* v. *Singer Sewing Machine Co.,* 39 P.R.R. 833; *Firemen's Fund Ins. Co.* v. *Schreiber,* 45 L.R.A. (N. S.) 314, 321; *Sweden* v. *Alkenson Improvement Co.,* 27 L.R.A. (N. S.) 124. The appellee cites other cases to the same alleged conclusion, and also various other arguments to support the judgment, which are unnecessary to consider.

The judgment will be affirmed.